UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

NATALIE Y. FRICKE,               )
                                 ) No. CV-11-15-JPH
         Plaintiff,              )
                                 ) ORDER GRANTING DEFENDANT'S
v.                               ) MOTION FOR SUMMARY JUDGMENT
                                 )
MICHAEL J. ASTRUE, Commissioner  )
of Social Security,              )
                                 )
         Defendant.              )
                                 )
                                 )

**BEFORE THE COURT** are cross-motions for summary judgment noted for hearing without argument June 18, 2012, ECF Nos. 12, 14. Attorney Lora Lee Stover represents plaintiff; Special Assistant United States Attorney Lisa Goldoftas represents the Commissioner of Social Security (Defendant). The parties have consented to the magistrate judge's jurisdiction, ECF No. 5. After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment, ECF No. 14.

**JURISDICTION**

Plaintiff protectively applied for supplemental security income (SSI) benefits on February 13, 2007, alleging onset as of January 28, 2002 (Tr. 197-204). The application was denied initially and on reconsideration (Tr. 167-171, 174-175).

Plaintiff, represented by counsel, and a medical expert testified at a hearing before Administrative Law Judge (ALJ) Gene Duncan on October 6, 2008 (Tr. 128-164). On October 29, 2008, the

ALJ issued an unfavorable decision (Tr. 114-122). Plaintiff sought Appeals Council review and submitted additional evidence, which the Appeals Council received and made part of the record. The Appeals Council denied review on November 15, 2010, noting that "this information does not provide a basis for changing the Administrative Law Judge's decision," and "[t]his new information is about a later time" (Tr. 1-5). Because the Appeals Council denied review, the ALJ's decision became the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Plaintiff filed an action for judicial review on January 12, 2011 (ECF No. 1, 4).

### STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision, and the parties' briefs. They are very briefly summarized here.

Plaintiff was 39 years old at the hearing. She earned a GED and has no past relevant work, having last worked in 1991 (Tr. 130-131, 297-208). Plaintiff smokes. She wakes up nauseated and is in pain all the time; she can sit for no more than 25 minutes. She feels her worst health problems are the lower back and hip bones. In 2002 she had surgery for two different cancerous lesions (Tr. 132-133, 135, 152-153). Plaintiff has bouts of incontinence. She uses a nebulizer three times a day for breathing problems (Tr. 137-139). She takes prescribed medication for anxiety (Tr. 148). She has shopped with help, cooked easy meals for herself and her three year old, and drives very little (Tr. 150, 154).

### SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                          - 2 -

of any medically determinable physical or mental impairment which
can be expected to result in death or which has lasted or can be
expected to last for a continuous period of not less than twelve
months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also
provides that a Plaintiff shall be determined to be under a
disability only if any impairments are of such severity that a
plaintiff is not only unable to do previous work but cannot,
considering plaintiff's age, education and work experiences,
engage in any other substantial gainful work which exists in the
national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).
Thus, the definition of disability consists of both medical and
vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156
(9th Cir. 2001).

    The Commissioner has established a five-step sequential
evaluation process for determining whether a person is disabled.
20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person
is engaged in substantial gainful activities. If so, benefits are
denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not,
the decision maker proceeds to step two, which determines whether
plaintiff has a medically severe impairment or combination of
impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

    If plaintiff does not have a severe impairment or combination
of impairments, the disability claim is denied. If the impairment
is severe, the evaluation proceeds to the third step, which
compares plaintiff's impairment with a number of listed
impairments acknowledged by the Commissioner to be so severe as to
preclude substantial gainful activity. 20 C.F.R. §§
404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P

App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

### STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a

Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 5 -

(9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

The Commissioner's regulations permit claimants to submit new and material evidence to the Appeals Council and require the Council to consider that evidence in determining whether to review the ALJ's decision, so long as the evidence relates to the period on or before the ALJ's decision. *Brewes v. Commissioner of Social Sec. Admin*, __ F.3d __, 2012 WL 2149465 C.A.9 (Or.) at 3, 2012. "If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision." *Id.*, n. 3, citing 20 C.F.R. § 404.970(b).

When the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record which the district court must consider when reviewing the Commissioner's final decision for substantial evidence. *Id.* at 4; *see also Tackett v. Apfel*, 180 F.3d 1094, 1097-98 (9th Cir. 1999).

### ALJ'S FINDINGS

At step one the ALJ found plaintiff did not engage in substantial gainful activity after applying for benefits on

February 13, 2007 (Tr. 116). At step two, he found she has the following medically determinable impairments: skin cancer lesions; chronic obstructive pulmonary disease (COPD); reflux esophagitis; and lumbar spine degeneration (*Id*.). At step two he found although these impairments are medically determinable, they are not severe as defined by the applicable regulations (*Id*.). Accordingly, the ALJ found plaintiff was not disabled during the relevant period as defined by the Social Security Act (Tr. 122).

**ISSUES**

Plaintiff alleges if the ALJ properly weighed the medical evidence he would have found her impairments are severe and her residual functional capacity is limited. She also alleges the Appeals Council erred by failing to "remand this claim for further consideration" (ECF No. 13 at 9). The Commissioner answers that the ALJ's decision is free of harmful error and should be affirmed. The Commissioner asserts the Appeals Council did not err because the newly submitted evidence related to events after the ALJ's decision, and plaintiff's remedy (if she is now able to prove a disabling impairment based on the newer evidence) is filing another application for benefits (ECF No. 15 at 4, 15).

**DISCUSSION**

**A. Weighing medical evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                              - 7 -

shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-605 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of credibility." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the

treating physician's opinion. *Magallanes*, 881 F.2d at 751-752; *Andrews v. Shalala*, 53 F.3d 1035, 1042-1043 (9th Cir. 1995).

Plaintiff alleges if the ALJ had properly credited MRI results, CHAS clinic records, and the opinions of Drs. Hahn, Nielsen, and Colquhoun, he would have found she has severe mental and physical impairments (ECF No. 13 at 13-15). On appeal she does not challenge the ALJ's credibility assessment.

**B. Step two**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991).

An impairment or combination of impairments may be found "not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Webb v. Barnhart*, 433 F.3d 683, 686-687 (9th Cir. 2005), citing *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996); *see also Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988). If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation

should not end with the not severe evaluation step. S.S.R. No. 85-28. Step two, then is "a de minimus screening device [used] to dispose of groundless claims," *Smolen*, 80 F.3d at 1290, and an ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is "clearly established by medical evidence." S.S.R. No. 85-28. The question on review is whether the ALJ had substantial evidence to find that the medical evidence clearly established that the claimant did not have a medically severe impairment or combination of impairments. *Webb*, 433 F.3d at 678; *see also Yuckert*, 841 F.2d at 306.

*Mental impairments*

Plaintiff alleges three sources support finding she has a severe mental impairment. First, "Dr. Colquhoun's records reflect her anxiety regarding cancer." (ECF No. 13 at 14). Dr. Colquhoun noted plaintiff appeared visibly anxious prior to a colonoscopy in February 2004 (Tr. 268, duplicated at 292). After the procedure he observed:

> In conclusion, this is a normal macroscopic study. It is certainly possible that this patient has a dysmotility disorder. In the time I've known her, she has been subject to panic attacks, and every new symptom that occurs suggests to her that she has an incurable malignancy. It is difficult to sort through what non-prescription medications she uses as she remains quite evasive regarding what herbal and other remedies she takes. Be that as it may, this was a very good study, with very good preparation, and no *serious* untreated problems were apparent.

(Tr. 295)(italics original).

The test results showed minimal reflux esophagitis (Tr. 264).

Second, without citation to the record, plaintiff alleges "records of the CHAS Clinic reflect that she has a psychosis" (ECF No. 13 at 14). Citing C.F.R. § 416.913(a), the Commissioner correctly observes the Court is not required to consider

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                          - 10 -

unsupported allegations (ECF No. 15 at 10). There are no psychological test results in the record. In any event the record does not support plaintiff's allegation.

In April 2006 a CHAS clinic physician's assistant noted the history given by plaintiff has no confirmation in the medical record. He assessed mood swings, confirmed with previous clinic and ER notes, and "possible psychosis NOS." He recommended further psychological evaluation (Tr. 372-374). On August 13, 2007, another clinic PA listed affective psychosis NOS (Tr. 386). Again in November 2007, a clinic nurse indicated plaintiff's chronic conditions include "affective psychosis NOS" (Tr. 353). The "diagnosis" is repeated elsewhere in the clinic's notes (*see e.g.*, Tr. 356-364, 389, 392).

This is insufficient. Plaintiff fails to show that acceptable medical sources established she had a medically determinable mental impairment, and that it was supported by medical signs and laboratory findings such as psychological tests. 20 C.F.R. §§ 416.913(a), 416.928(b), (c); S.S.R. No. 06-03p, S.S.R. No. 96-4p at *1.

Third, plaintiff alleges medical expert Dr. Nielsen's comment "as to her psychological complaints" helps establish that she has a severe mental impairment, and the ALJ had a duty to accept his testimony (ECF No. 13 at 14-15). With respect to Dr. Nielsen's testimony, the ALJ notes

"After reviewing the medical evidence of record, Dr. Nielsen testified that the claimant has no severe impairment. . . Based upon the records, she has some pain behaviors but he cannot comment on psychiatric conditions."

(Tr. 120).

The ALJ is correct. Dr. Nielsen admitted he is "not competent to comment on her psychiatric condition" (Tr. 159).

Deborah Baldwin, Ph.D., saw plaintiff six times between November 2007 and February 2008, and once more in September 2008. Although she opined plaintiff suffers from post-traumatic stress disorder (PTSD) and psychological factors associated with medical conditions, the ALJ points out she assessed a GAF of 65 to 70 indicating only mild symptoms or difficulty (Tr. 120, 437).

*Credibility*

To aid in weighing the conflicting evidence, the ALJ also evaluated plaintiff's credibility and found her less than credible (Tr. 118). Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or an inconsistency between a claimant's subjective complaints and diagnosed condition. *Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

"General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ relied on significant gaps in treatment, which suggest "that the symptoms may not have been as serious as has been alleged" (Tr. 121). Plaintiff was treated for "severe" constipation in 2004 and did not follow up with recommendations. The ALJ notes she did not return until September 2007 (Tr. 118, 339, 343). Drug seeking behavior has been suggested by several sources, and she is noted to be erratic, impulsive, non-cooperative and not forthcoming, often leaving before being treated (Tr. 119). *See e.g.*, Tr. 265-266 (upset given no pain medication and wants new PCP and GI specialist); Tr. 367-368 (in 2004 plaintiff is "very angry," multiple episodes noted of being in ER and dissatisfied with providers who do not give her narcotics, and overheard in clinic saying "If I wanted narcotics, I could go to the ER, cause I do that all the time); Tr. 304-305 (in 2005, wants pain medication for lesions but refuses tissue diagnosis); and Tr. 327-329 (in 2007, claims has cancer and wants pain medication; because records show no cancer plaintiff possibly engaging in drug seeking behavior).

Dr. Nielsen opined after reviewing the record, plaintiff has had multiple evaluations for virtually everything and all studies have been entirely normal (Tr. 120, referring to Tr. 157).

The new evidence submitted to the AC is similar. Dr. Hahn, for example, saw plaintiff on June 17, 2009, for a variety of complaints including neck and back pain since about 2006, but she

"has had no physical therapy or other treatment" (Tr. 99). Plaintiff returned to Dr. Hahn ten months later, in April 2010. Plaintiff had failed to follow up with ENT evaluation despite Dr. Hahn's referral. Dr. Hahn notes plaintiff had been taking prescribed narcotic pain medication for almost two years despite minimal test results (Tr. 82-83). In April 2010 plaintiff's PCP Pamela Vecchio, ARNP, ordered an ultrasound of right lymph notes; on June 11, 2010, she notes plaintiff failed to follow through for testing (Tr. 48, 52).

Plaintiff's testimony and statements have been inconsistent with her conduct, and she has engaged in apparent drug seeking behavior[1]. Both diminish credibility. *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002); *Edlund v. Massanari*, 253 F.3d 1152, 1157-1158 (9th Cir. 2001). An "unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment" can also cast doubt on a claimant's sincerity. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

Plaintiff fails to establish she suffers from a severe mental impairment.

*Physical impairment*

Plaintiff alleges the "medical records support that [she] has had complaints of severe pain." (ECF No. 13 at 13). Citing *Carmickle v. Comm'r of Soc. Sec. Admin*, 533 F3d 1155, 1161 n.2 (9th Cir. 2008), the Commissioner asserts the argument is made without

---

[1]Interestingly, plaintiff told a treating doctor in August 2005 nausea has improved since the use of marijuana (Tr. 428). She said the same thing to another treating doctor in July 2006. He declined prescribing narcotics (Tr. 380-382). Plaintiff testified she was *recently* prescribed medical marijuana and smokes it twice daily (Tr. 144; 439).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                          - 14 -

any specificity, meaning the court need not address it (ECF No. 15 at 13). The Commissioner is correct. However, even if plaintiff cited to the record, this argument fails. Complaints of pain by themselves do not establish a medically determinable or severe impairment. As the ALJ's credibility determination is fully supported, he was not required to credit unreliable complaints.

Moreover, the record supports the ALJ's finding that even plaintiff's four medically determinable impairments are mild and have no more than a minimal effect on the ability to work. *Skin cancer lesions*. The ALJ found skin cancer lesions medically determinable, but not severe. Cancerous lesions were removed years ago, and have not returned, as Dr. Nielsen testified. Plaintiff has called various growths "cancerous lumps" and tumors, but providers opine there is no evidence supporting these claims (*e.g.*, Tr. 222, 327, 329, 374, 416). *COPD*. Plaintiff's COPD is very sporadically mentioned in the record (e.g., Tr. 361) and found mild on testing (post hearing, Tr. 540). *Reflux esophagitis* is determinable, but tests in 2004 and 2007 were minimal or normal (Tr. 119, 264, 331). *Lumbar spine degeneration.* CHAS clinic records show plaintiff is very abrupt and vague in describing her back pain and focused on getting narcotic treatment for her "cancer" pain," as the ALJ points out (Tr. 119, citing Ex. 11F).

The ALJ's step two determination that plaintiff's physical impairments are not severe is fully supported by the record.

**C. New evidence**

To the extent the new evidence submitted for the first time to the Appeals Council is not relevant to the period at issue, it is not material to this review. 20 C.F.R. § 404.970(b). Plaintiff

has not shown that the new evidence was material, as the record lacks evidence that the conditions alleged were present at and before the ALJ hearing. The hearing was held October 6, 2008, with disability alleged as of January 28, 2002. Plaintiff does not demonstrate the "reasonable possibility" that conditions diagnosed from November 2009 through August 2010 even existed when the ALJ hearing was held in October 2008. *See Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001). This is especially true when, as in this case, extensive physical test results (including MRIs prior to the hearing, *i.e.*, Tr. 444-446) were all essentially normal, as Dr. Nielsen testified.

If the new evidence shows there is a reasonable possibility that it would change the outcome of the ALJ's determination, then remand is appropriate to allow the ALJ to consider the evidence. However, if the substantial weight of the evidence is irrefutably clear that the claimant *is* disabled, then a remand for benefits is appropriate. *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001) (italics added).

The new evidence here consists of repair of a small umbilical hernia and excision of two benign soft tissue masses about three weeks after the hearing (Tr. 520), and an MRI after the hearing. This does not establish a reasonable possibility the evidence would change the outcome of the ALJ's decision. Remand is therefore not required.

The Court notes the decision of the Appeals Council to grant or deny review is not reviewable by this court, because it is not a final decision. *Brewes v. Comm'r of Social Sec. Admin.*, ___ F.3d ___, 2012 WL 2149465 C.A.9 (Or.), 2012 at *7, citing *Taylor v.*

*Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011); 42 U.S.C. §§ 405(g), 1383(c)(3).

The Court's review of the record indicates the new evidence is not material because it relates to a period after the hearing. Nor has plaintiff shown good cause for failing to obtain the evidence before the hearing. Even so, the court has considered the new evidence. It is largely consistent with the record before the ALJ. To the extent plaintiff may *now* be able to establish an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) her ability to perform basic work-related activities for 12 consecutive months, *see* 20 C.F.R. § 416.921, her remedy is filing a new application for benefits. *Osenbrock v. Apfel*, 240 F.3d 1157, 1164 n.1 (9th Cir. 2000), citing *Sanchez v. Secretary of HHS*, 812, F.22d 509, 512 (9th Cir. 1987).

### CONCLUSION

Having reviewed the record and the ALJ's conclusions, this court finds the ALJ's decision is free of legal error and supported by substantial evidence. Accordingly,

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 14,** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **DENIED.**

The District Court Executive is directed to file this Order, provide copies to the parties, enter judgment in favor of Defendant, and **CLOSE** this file.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 17 -

DATED this 25th day of June, 2012.

                                    s/ James P. Hutton
                                   JAMES P. HUTTON
                          UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                        - 18 -